IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN PATRICK THOMPSON, | ) | |
| *pro se,* | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-72 (SLR) |
| | ) | |
| TARGET STORES, *et al.* | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S OPENING BRIEF
### IN SUPPORT OF ITS MOTION TO QUASH AND TO DISMISS FOR
### INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS

Jennifer Gimler Brady (Del. Bar 2874)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
jbrady@potteranderson.com - Email

OF COUNSEL:

John M. Remy, Esquire
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
(703) 821-4306 – Telephone
(702) 821-2267 – Facsimile
remyj@jacksonlewis.com - Email

*Attorneys for Defendant Target Corporation*

Dated: February 28, 2007

780250v1 / 31231

# **TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDING ......................................................................1

SUMMARY OF ARGUMENT ......................................................................................2

STATEMENT OF FACTS ............................................................................................3

ARGUMENT ..............................................................................................................4

I.     THE COMPLAINT SHOULD BE DISMISSED DUE TO INSUFFICIENCY OF
       PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS ......................4

       A.     Plaintiff's Process is Insufficient Because He
              Failed to Obtain or Serve a Valid Summons ................................................4

       B.     Plaintiff's Service of Process is Insufficient................................................5

       C.     Plaintiff's Pro Se Status is not a Waiver of the Federal Rules....................5

II.    CONCLUSION ..............................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3d Cir. 1996) ....................................4, 6

*Faretta v. California*, 422 U.S. 806 (1975) ........................................................................5

*McNeil v. United States*, 508 U.S. 106 (1993)..................................................................5, 6

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987))..........................4

*Sene v. MBNA Am., Inc.*, 2005 U.S. Dist. LEXIS 20786 (D. Del. 2005) ........................4, 6

## RULES

FED. R. CIV. P. 4..................................................................................................................4, 5

FED. R. CIV. P. 12(b) ...............................................................................................................5

## STATUTES

8 Del. C. § 321 ......................................................................................................................5

10 Del. C. § 3111 ..................................................................................................................5

## NATURE AND STAGE OF PROCEEDING

On February 8, 2007, plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Dkt. 1). The same day, plaintiff filed a complaint *pro se* against "Target Stores Inc." (Dkt. 2). On February 16, 2007, Chief Judge Sue L. Robinson issued an order denying plaintiff's Motion for Leave to Proceed *in forma pauperis* and directing the plaintiff to pay the $350.00 filing fee within thirty days or the case shall be dismissed. (Dkt. 3).

On or about February 6, 2007, prior to filing his complaint with the Court, plaintiff sent the complaint by mail to Target in Minnesota and to a local Target store in Delaware. (*See* Plaintiff's "Proof of Service," complaint at p. 25).

This is the Defendant Target Corporation's ("Defendant") Memorandum of Law in Support of its Motion to Quash and to Dismiss for Insufficient Process and Insufficient Service of Process.

1

## SUMMARY OF ARGUMENT

1.     The mailed summonses should be quashed as invalid and in violation of Federal Rule of Civil Procedure 4(a) because neither is signed by the Clerk of the Court nor contains the seal of the Court.

2.     The complaint should be dismissed for insufficiency of process as plaintiff did not serve a valid summons from the Clerk of the Court (resulting in no personal jurisdiction over Target).

3.     The complaint should be dismissed for insufficiency of service of process because plaintiff failed to serve his complaint as required by the Federal Rules.

## STATEMENT OF FACTS

The facts relevant for this motion relate only to the filing of the action and attempt to serve process by the plaintiff, Steven Patrick Thompson.

On February 8, 2007, plaintiff filed a lawsuit alleging various claims against "Target Stores, Inc." Defendant's correct name is Target Corporation. On or about February 6, 2007, prior to filing his complaint with the Court, plaintiff sent the complaint by mail to Target in Minnesota and to a local Target store in Delaware. (*See* Plaintiff's Proof of Service, complaint at p. 25).[1] Plaintiff attached a handwritten summons to each complaint (copy attached hereto at Exhibit A). Neither summons is signed by the Clerk of the Court and neither contains the seal of the Court.

---

[1] Although plaintiff's attached proof of service indicates mailing to both locations, plaintiff sent the complaint to Target in Minnesota via the United Parcel Service.

3

**ARGUMENT**

I.  **THE COMPLAINT SHOULD BE DISMISSED DUE TO INSUFFICIENCY OF PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS**

A.  **Plaintiff's Process is Insufficient Because He Failed to Obtain or Serve a Valid Summons**

Federal Rule of Civil Procedure 4(a) provides that the summons to be served on the defendant "shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff."

The Third Circuit Court of Appeals has held that failure to comply with Rule 4(a) divests the federal district court of personal jurisdiction over the defendant and is "fatal to the plaintiff's case." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). The Third Circuit also held "the parties cannot waive a void summons." *Id.*

A defendant's possession of a complaint or other actual notice does not cure defective process. *Sene v. MBNA Am., Inc.*, 2005 U.S. Dist. LEXIS 20786 (D. Del. 2005) (copy attached hereto at Exhibit B) ("[T]he fact that Defendant had notice of the lawsuit is not helpful to Plaintiff's argument because notice is not enough to confer personal jurisdiction.") (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)).

Here, plaintiff's summons is not signed by the Clerk and does not bear the seal of the Court. It is unclear if plaintiff has obtained a valid summons from the Clerk. Under *Ayers*, plaintiff's failure to serve a valid summons on Target is "fatal" to his claims, and the Court lacks personal jurisdiction over Target. This fatal error is also not waived by Target's receipt of the complaint in the mail.

4

Pursuant to *Ayers*, Target respectfully requests that the Court dismiss plaintiff's complaint for lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)) and insufficient process (Fed. R. Civ. P. 12(b)(4)).

**B.    Plaintiff's Service of Process is Insufficient**

Federal Rule of Civil Procedure 4(h)(1) provides service of process upon a corporate defendant must be effected:

> in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Rule 4(e)(1) provides that a plaintiff may also effect service upon a corporation pursuant to "the law of the state in which the district court is located."

Here, plaintiff's sending his complaint and an invalid summons via regular mail and/or UPS to Target in Minnesota and Delaware fails to comply with the requirements of the federal rules or Delaware law. *See* 8 Del. C. § 321 and 10 Del. C. § 3111 (methods of service under Delaware law).

Accordingly, Target asks the Court to quash plaintiff's insufficient service and, pursuant to Federal Rule of Civil Procedure 12(b)(5), dismiss plaintiff's complaint for insufficient service of process.

**C.    Plaintiff's Pro Se Status is not a Waiver of the Federal Rules**

Pro se plaintiffs must follow the rules of procedure and the substantive law as closely as a party with counsel. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (pro se status not a license to disregard procedural rules or substantive law); *McNeil v. United*

5

*States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")  Courts in the Third Circuit have sanctioned the dismissal of *pro se* complaints where the plaintiff has failed to abide by the federal rules. *See, e.g., Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3d Cir. 1996) (affirming dismissal of pro se complaint on procedural grounds); *Sene v. MBNA Am., Inc.*, 2005 U.S. Dist. LEXIS 20786 (D. Del. 2005) (same).

Plaintiff's *pro se* status here is not an excuse for his failure to obtain a valid summons or to follow the service requirements.

## II.    CONCLUSION

For the reasons set forth above, Target respectfully requests that the Court quash plaintiff's service of process and dismiss the complaint for insufficiency of process and for insufficient service of process.  Target further requests that the Court enter the attached Order dismissing plaintiff's complaint.

POTTER ANDERSON & CORROON LLP

By: _____
Jennifer Gimler Brady (Del. Bar 2874)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
jbrady@potteranderson.com – Email

*Attorneys for Defendant Target Corporation*

OF COUNSEL:

John M. Remy, Esquire
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
(703) 821-4306 – Telephone
(702) 821-2267 – Facsimile
remyj@jacksonlewis.com - Email

Dated:  February 28, 2007
780250v1 / 31231

6

# EXHIBIT A

SAO 440 (Rev. 8/01) Summons in a Civil Action

C

# UNITED STATES DISTRICT COURT

Third Circut _____ District of DElaware

STEVEN PATRICK THOMPSON, PRO SE
PLAINTIFF

**SUMMONS IN A CIVIL CASE**

VS.

TARGET STORES, ET ALS
DEFENDANT(S)

CASE NUMBER:

TO: (Name and address of Defendant)

**Target Stores Brandywine**
**1050 Brandywine Parkway**
**Wilmington, DE 19803**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

**STEVEN PATRICK THOMPSON**
**306 SHIPLEY ROAD**
**APT. #611**
**WILMINGTON, DE 19809**
**973-343-8867 (cell phone)**

an answer to the complaint which is served on you with this summons, within ___35___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

FEB-09-2007 13:16 From:TARGET ER    6123044698    To:7038212267    P.30/30

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

STEVEN PATRICK THOMPSON, PRO SE
PLAINTIFF

SUMMONS IN A CIVIL CASE

VS.

TARGET STORES, ET ALS
DEFENDANT(S)

CASE NUMBER:

TO: (Name and address of Defendant)

Target Stores, Inc.
33 S. 6th Street, CC-3500
Minneapolis, MN 55402

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

STEVEN PATRICK THOMPSON
306 SHIPLEY ROAD
APT. #611
WILMINGTON, DE 19809
973-343-8867 (cell phone)

an answer to the complaint which is served on you with this summons, within _____55_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against yo
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with th
Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

# EXHIBIT B

3 of 3 DOCUMENTS



Positive
As of: Feb 28, 2007

**MATY SENE, Plaintiff, v. MBNA AMERICA, INC., Defendant.**

**Civil Action No. 04-1331-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2005 U.S. Dist. LEXIS 20786*

**September 20, 2005, Decided**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employee filed a complaint, alleging that defendant former employer engaged in racially discriminatory practices in violation of Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Delaware Discrimination Act. The employee served a copy of the complaint on the employer's custodian of records. The employer moved to dismiss the complaint, pursuant to *Fed. R. Civ. P. 12.*

**OVERVIEW:** The employer contended that the court lacked personal jurisdiction over it due to a defective summons, that service of process on the custodian of records was insufficient, and that the time for serving the summons and complaint had passed and an extension should not be granted. The employee served a summons on the employer that contained neither the signature of the clerk nor the seal of the court, and the lack of signature and seal was fatal. Therefore, the court concluded that it lacked personal jurisdiction over the employer. Although the employer did not suffer undue prejudice, the employee had not demonstrated good cause for his failure to effect service within 120 days. In responding to the employer's motion to dismiss, the employee noted that he had until February 3, 2005, to effect service. Rather than correcting the problem at that time, the employee waited until February 8, 2005, to serve the employer with a proper summons. The

employee did not at any time request an extension of the 120 days. Additionally, the employee offered no reason for his failure to comply with the time limits of *Fed. R. Civ. P. 4*. An extension of time to effect proper service was not warranted.

**OUTCOME:** The motion was granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > General Overview*
*Civil Procedure > Dismissals > General Overview*
*Civil Rights Law > Practice & Procedure > Limitation Periods*
[HN1] Where the 90-day limitations period of Title VII of the Civil Rights Act of 1964 has expired, a dismissal by the court would be with prejudice.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Civil Procedure > Pleading & Practice > Service of Process > Summons > Content & Form*
*Governments > Courts > Clerks of Court*
[HN2] *Fed. R. Civ. P. 4(a)* provides that the summons to be served on a defendant shall be signed by the clerk, bear the seal of the court, identify the court and the

  

parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. Compliance with this rule is required to give a court personal jurisdiction over the defendant. Failure to comply is fatal to the plaintiff's case. The parties cannot waive a void summons.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
*Civil Procedure > Pleading & Practice > Service of Process > Summons > Content & Form*
*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > Extensions*
[HN3] If a defendant raises the issue of the plaintiff's failure to comply with *Fed. R. Civ. P. 4(a)* in a motion or a responsive pleading, the case should be dismissed under *Fed. R. Civ. P. 12(b)(2)*. When the issue is raised by the defendant, it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under *Fed. R. Civ. P. 4(m)*.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
[HN4] A court's lack of personal jurisdiction is more than just a minor, technical error.

*Civil Procedure > Pleading & Practice > Service of Process > Summons > Content & Form*
[HN5] Requiring the clerk to sign and issue a summons assures a defendant that the process is valid and enables the clerk to collect whatever filing fees are required.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Civil Procedure > Pleading & Practice > Service of Process > Summons > Content & Form*
[HN6] Notice of a lawsuit is not enough to confer personal jurisdiction.

*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > General Overview*
[HN7] See *Fed. R. Civ. P. 4(m)*.

*Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > Extensions*
*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > Extensions*
[HN8] The determination of whether to extend time for service pursuant to *Fed. R. Civ. P. 4(m)* is a two-part inquiry. First, a court must determine whether good cause exists for a plaintiff's failure to properly effect timely service. If a court finds good cause, the court must grant an extension of time. Second, if good cause is not shown, a court has discretion to grant the plaintiff an extension of time.

*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > General Overview*
[HN9] Courts generally consider three factors in determining whether good cause exists for a plaintiff's failure to properly effect timely service: (1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effecting service. When evaluating good cause, courts should focus primarily on the plaintiff's reasons for not complying with the time limits of *Fed. R. Civ. P. 4*.

*Contracts Law > Negotiable Instruments > Enforcement > Defenses > Statutes of Limitations*
*Governments > Legislation > Statutes of Limitations > Extension & Revival*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN10] The United States Court of Appeals for the Third Circuit has not provided an exhaustive list of factors district courts should consider when deciding whether to exercise discretion; however, the Third Circuit has advised district courts that the *Fed. R. Civ. P. 4*, advisory committee's notes provide some guidance. One of the considerations that the advisory notes explain may justify an extension is if the applicable statute of limitations has run. The running of the statute of limitations, however, does not require a court to permit an extension.

*Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > Extensions*
*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > General Overview*
[HN11] Courts have warned that plaintiffs should treat

  

the 120 days, under *Fed. R. Civ. P. 4*, with the respect reserved for a time bomb.

**COUNSEL:** [*1] Kester I.H. Crosse, Esquire, of WILLIAMS & CROSSE, Wilmington, Delaware. Of Counsel: Tshaka H. Lafayette, Esquire of LAFAYETTE LAW GROUP, P.C., Philadelphia, Pennsylvania, for Plaintiff.

Scott A. Hold, Esquire, of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware, for Defendant.

**JUDGES:** Farnan, District Judge.

**OPINION BY:** Farnan

**OPINION:**

### MEMORANDUM OPINION

September 20, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion To Dismiss (D.I. 4). For the reasons discussed, Defendant's motion will be granted.

### I. Background

On October 5, 2004, Plaintiff filed a complaint, alleging that Defendant, Plaintiff's former employer, engaged in racially discriminatory practices in violation of *Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991*, and the Delaware Discrimination Act. No summons was issued by the Clerk at that time. Plaintiff, after requesting a waiver of service and not receiving it, served a copy of the complaint on Defendant's custodian of records. A summons, which accompanied the complaint, contained neither the signature of the Clerk nor the seal of the Court. Defendant [*2] filed a Motion To Dismiss, and Plaintiff responded, recognizing February 3, 2005 to be the last day service could be effected under the 120-day rule of *Federal Rule of Civil Procedure 4(m)*. On February 8, 2005, Plaintiff served Defendant with a summons bearing the signature of the Clerk and the seal of the Court.

By its Motion, Defendant moves the Court to dismiss Plaintiff's complaint for lack of personal jurisdiction, insufficient service of process, and failure to serve the complaint and summons within 120 days. [HN1] Because the 90-day limitations period of Title VII has expired, a dismissal by the Court would be with prejudice.

### II. Parties Contentions

Defendant contends that the Court lacks personal jurisdiction over it due to a defective summons, that service of process on the custodian of records was insufficient, and that the time for serving the summons and complaint has passed and an extension should not be granted.

In response, Plaintiff contends that he had time to correct the defective summons, and therefore, he should be granted leave to amend the summons without service on Defendant. Plaintiff also contends that dismissal [*3] is not warranted, particularly in light of the statute of limitations imposed by Title VII and the fact that Defendant has not been prejudiced. Furthermore, Plaintiff requests that the Court declare the custodian of records to be a person authorized to receive service for Defendant.

### III. Discussion

A. Whether process was sufficient so as to give the Court personal jurisdiction over Defendant

[HN2] *Federal Rule of Civil Procedure 4(a)* provides that the summons to be served on the defendant "shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff." *FED. R. CIV. P. 4(a)*. Compliance with this rule is required to give a court personal jurisdiction over the defendant. *Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996)* (holding the court did not have personal jurisdiction over the defendant because the summons did not contain the signature of the clerk or the seal of the court). Failure to comply is "fatal [*4] to the plaintiff's case. The parties cannot waive a void summons." Id.

[HN3] If the defendant raises the issue of the plaintiff's failure to comply with *Rule 4(a)* in a motion or a responsive pleading, the case should be dismissed under *Federal Rule of Civil Procedure 12(b)(2). Ayres, 99 F.3d at 569*. When the issue is raised by the defendant, "it

  

becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under *Rule 4(m)*." Id.

Plaintiff argues that Defendant was not actually prejudiced by the "minor, technical error" in the summons, and therefore, Plaintiff should be permitted to amend the summons without additional service on Defendant. (D.I. 8). [HN4] The Court's lack of personal jurisdiction, however, is more than just a minor, technical error. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 98 L. Ed. 2d 415, 108 S. Ct. 404 (1987).* [HN5] "Requiring the Clerk to sign and issue the summons assures the defendant that the process is valid and enables the Clerk to collect whatever filing fees are required." *Ayres, 99 F.3d at 569.* [*5]

Additionally, the fact that Defendant had notice of the lawsuit is not helpful to Plaintiff's argument because [HN6] notice is not enough to confer personal jurisdiction. *Omni Capital Int'l, Ltd., 484 U.S. at 104; see also Ayres, 99 F.3d at 569.*

Based on the facts presented, the Court concludes that it lacks personal jurisdiction over Defendant. Plaintiff served a summons on Defendant that contained neither the signature of the Clerk nor the seal of the Court, and the lack of signature and seal is fatal.

B. Whether the Court should grant Plaintiff an extension of time under *Rule 4(m)* to effect service of process

Having concluded that the action should be dismissed for lack of personal jurisdiction, the Court need not "consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under *Rule 4(m)*." *Ayres, 99 F.3d at 569.* Although consideration may not be necessary, the Court will address Plaintiff's request for an extension.

*Rule 4(m)* provides:

[HN7] If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the [*6] complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice

as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*FED. R. CIV. P. 4(m).*

Thus, [HN8] the determination of whether to extend time for service pursuant to *Rule 4(m)* is a two-part inquiry. First, a court must determine whether good cause exists for the plaintiff's failure to properly effect timely service. *Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).* If a court finds good cause, the court must grant an extension of time. Id. Second, if good cause is not shown, a court has discretion to grant the plaintiff an extension of time. Id.

1. Whether Plaintiff has demonstrated good cause for his failure to effect timely service

[HN9] Courts generally consider three factors in determining whether good cause exists: 1) whether the plaintiff has reasonably attempted to effect service; 2) whether the defendant [*7] is prejudiced by the absence of timely service; and 3) whether plaintiff moved for an extension of time for effecting service. *United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988)* (citations omitted). When evaluating good cause, courts should focus primarily on the plaintiff's reasons for not complying with the time limits of *Rule 4. MCI Telecoms. Corp. v. Teleconcepts, 71 F.3d 1086, 1097 (3d Cir. 1995).*

Although the Court finds that Defendant did not suffer undue prejudice as a result of Plaintiff's failure to comply with the service requirements of *Rule 4*, the Court concludes that Plaintiff has not demonstrated good cause. Plaintiff served Defendant with a summons that failed to contain the signature of the Clerk and the seal of the Court. In responding to Defendant's Motion to Dismiss, Plaintiff noted that he had until February 3, 2005, thirteen days from filing that response, to effect service. Rather than correcting the problem at that time, Plaintiff waited until February 8, 2005 to serve Defendant with a proper summons. Plaintiff did not at any time request an extension of the 120 days. Additionally, Plaintiff offers no reason [*8] for his failure to comply with the time limits of *Rule 4*.

  

Plaintiff did not make a reasonable attempt to effect service, and Plaintiff did not move for an extension of time. The Court concludes that Plaintiff has not shown good cause for his failure to effect service within 120 days.

2. Whether, in its discretion, the Court should grant Plaintiff an extension, despite the absence of a showing of good cause

Because the Court has concluded that Plaintiff has not established good cause for failure to timely effect service, the Court will consider whether, in its discretion, Plaintiff should be granted an extension beyond the 120-day period provided by *Rule 4(m)*. [HN10] The Third Circuit has not provided an exhaustive list of factors district courts should consider when deciding whether to exercise discretion; however, the Third Circuit has advised district courts that the Advisory Committee Notes to the 1993 Amendments to *Rule 4* provide some guidance. *Petrucelli, 46 F.3d at 1305-06*. One of the considerations that the Advisory Notes explain may justify an extension is if the applicable statute of limitations has run. n1 *FED. R. CIV. P. 4* [*9] advisory committee's note. The running of the statute of limitations, however, does not require the Court to permit an extension. *Petrucelli, 46 F.3d at 1306*.

n1 Other factors courts may consider include: whether the defendant has evaded service; whether service was required to be made on multiple defendants; and whether the plaintiff is appearing pro se. *FED. R. CIV. P. 4* advisory committee's note. None of these factors is present here.

In *Farrace v. United States Department of Justice, 220 F.R.D. 419, 422 (D. Del. 2004)*, this Court, after considering all the circumstances presented, allowed an extension of time under *Rule 4 (m)* to prevent the cause of action from being barred by the statute of limitations. The Court, recognizing that it was not required to permit an extension, allowed the extension because the attorney, while trying to effect service, had a death in the family and problems with office staff. Id.

The statute of limitations [*10] on Plaintiff's case has run; however, circumstances like those in *Farrace* are not present here. Plaintiff has offered no explanation for his failure to serve the summons, other than the defective summons contained a "minor, technical error" that could be corrected. Plaintiff recognized in January that there was a problem with the summons and that he had a certain amount of time to effect service. Still, Plaintiff waited until February 8, 2005 to serve Defendant and did not request an extension of time prior to the deadline.

[HN11] Courts have warned that plaintiffs should "treat the 120 days with the respect reserved for a time bomb." *Petrucelli, 46 F.3d at 1307* (citing *Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987))*. Plaintiff did not heed this warning. Thus, the Court concludes that an extension of time is not warranted.

## IV. Conclusion

Because the Court lacks personal jurisdiction over Defendant, Defendant's Motion To Dismiss will be granted, and this lawsuit will be dismissed pursuant to *Federal Rule of Civil Procedure 12(b) (2)*. n2 Additionally, Plaintiff will not be given an extension [*11] of time to effect proper service under *Federal Rule of Civil Procedure 4(m)*.

n2 Because the Court concludes that it lacks personal jurisdiction over Defendant, the Court will not address Defendant's argument with regard to insufficiency of service of process.

An appropriate order will be entered.

## ORDER

At Wilmington this 20th day of September 2005, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendant's Motion To Dismiss (D.I. 4) is **GRANTED.**

UNITED STATES DISTRICT JUDGE

  

## CERTIFICATE OF SERVICE

I, Jennifer Gimler Brady, hereby certify this 28th day of February, 2007,

that the foregoing **DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS**

**MOTION TO QUASH AND TO DISMISS FOR INSUFFICIENT PROCESS AND**

**INSUFFICIENT SERVICE OF PROCESS** was electronically filed with U.S. District

Court District of Delaware via CM/ECF (Official Court Electronic Document Filing

System) and two (2) true and correct copies thereof were mailed via First Class Mail,

Postage Prepaid to the following:

Steven Patrick Thompson
306 Shipley Road, Apt., #611
Wilmington, DE 19809

Jennifer Gimler Brady (Del. Bar 2874)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
jbrady@potteranderson.com

*Attorney for Defendant Target Corporation*