IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN PATRICK THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-72-SLR |
| | ) | |
| TARGET STORES INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

At Wilmington this 30th day of March, 2007, having reviewed the letter/motion for reconsideration, IT IS ORDERED that the motion (D.I. 8) is denied for the reasons that follow:

1. **Background**. Plaintiff, who appears pro se, filed this employment discrimination case against defendant Target Stores Inc. (D.I. 2) He sought, and was denied, in forma pauperis status based upon his annual income (i.e., $27, 600). Plaintiff now seeks reconsideration of the order denying him in forma pauperis status. (D.I. 8)

2. **Standard of Review**. The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

     3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.  See Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E. D. Pa. 1993).  Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990).  Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

     4. **Discussion**.  Plaintiff asks the court to reconsider its decision denying him in forma pauperis status on the basis that the court's order referred only to his salary and did not review his expenses.  Whether to grant or deny an in forma pauperis petition lies within the sound discretion of the trial court.  Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).  The court considers (1) whether plaintiff is employed; (2) plaintiff's annual salary; and (3) any other property or assets the plaintiff may possess. See e.g. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948) (detailing economic standards to be employed in deciding in forma pauperis applications); United States v. Scharf, 354 F. Supp. 450 (E.D. Pa. 1973). The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances.  Sinwell v. Shapp, 536 F.2d 15, 19

(3d Cir. 1976), (citing Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969).

Notably, plaintiff's monthly income exceeds his months expenses.  The court also notes that plaintiff includes in his monthly expenses $100.00 for recreation and $100.00 for entertainment.  Based upon plaintiff's affidavit and motion, the $350.00 filing fee to commence an action would not impose a great hardship.  There is no need to correct a clear error of law or fact or to prevent manifest injustice.  Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied.  Finally, plaintiff complains of his inability to pay the filing fee, yet he paid the fee on March 19, 2007.

UNITED STATES DISTRICT JUDGE