Fed Complaint

07-72 (SLR)

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7002 2030 0004 6973 6078

Sent To Potter Anderson & Corroon
Jennifer Gimler
Street, Apt. No.; or PO Box No. 1313 North Market St.
City, State, ZIP+4 Wilmington, Delaware 19899

PS Form 3800, June 2002    See Reverse for Instructions

CERTIFIED MAIL

FILED

JUL 11 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

POTTER ANDERSON & CORROON LLP
Jennifer Gimler Brady
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7002 2030 0004 6973 6078

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

*Fed Complaint*

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Potter Anderson & Corroon
Jennifer Gimler
Street, Apt. No.; or PO Box No. 1313 North Market St.
City, State, ZIP+4 Wilmington, Delaware 19899-0951

PS Form 3800, June 2002    See Reverse for Instructions

7002 2030 0004 6973 6078

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

POTTER ANDERSON & CORROON LLP
Jennifer Gimler Brady
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7002 2030 0004 6973 6078

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _DELAWARE_

STEVEN PATRICK THOMPSON, PRO SE
PLAINTIFF —

**SUMMONS IN A CIVIL CASE**

VS.

TARGET STORES, ET ALS
DEFENDANT(S)

CASE NUMBER:   ▄ 0 7 ‑ 7 2 ‑ ‑

TO: (Name and address of Defendant)

**Target Stores Brandywine**
**1050 Brandywine Parkway**
**Wilmington, DE 19803**

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

**STEVEN PATRICK THOMPSON**
**306 SHIPLEY ROAD**
**APT. #611**
**WILMINGTON, DE 19809**
**973-343-8867 (cell phone)**

an answer to the complaint which is served on you with this summons, within _20_ days after serv
of this summons on you. exclusive of the day of service. If you fail to do so, judgment by default will be taken against
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with
Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

APR 06 2007

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
               *Date*        *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Exhibit A

Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

STEVEN PATRICK THOMPSON,           )
*pro se*,                          )
    Plaintiff,  )
                                   )
    v.          )    Civil Action No. 07-72 (SLR)
                                   )
TARGET STORES, *et al.*            )
                                   )
    Defendant.  )

## DEFENDANT'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO QUASH AND TO DISMISS FOR
## INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS

Jennifer Gimler Brady (Del. Bar 2874)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
jbrady@potteranderson.com - Email

OF COUNSEL:

John M. Remy, Esquire
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
(703) 821-4306 – Telephone
(702) 821-2267 – Facsimile
remyj@jacksonlewis.com - Email

*Attorneys for Defendant Target Corporation*

Dated: February 28, 2007

**◎JS 44_ (Rev. 11.04)**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provid by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiati the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Steven P. Thompson | TARGEt Stores, et Als |
| (b) County of Residence of First Listed Plaintiff  New Castle | County of Residence of First Listed Defendant |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
|  | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
| Plaintiff Pro se | Not Known |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaint and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☒ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization / |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determina |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to Distr Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Constitutional violations — Title VII violations

Brief description of cause:
Unlawful Discharge — Retaliatory Harassment — Hostile work env.

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ See complaint - Relief
- CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): 

JUDGE _____    DOCKET NUMBER _____

DATE  2/7/07

SIGNATURE OF ATTORNEY OF RECORD  Steven P. Thompson

FOR OFFICE USE ONLY

**IN THE
UNITED STATES DISTRICT COURT
FOR THE THIRD CIRCUIT**

07-72

**CASE NO.**

**STEVEN PATRICK THOMPSON, PRO SE
PLAINTIFF**

**VS.**

**TARGET STORES, ET ALS
DEFENDANT(S)**

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff, Steven Patrick Thompson by and through his

counsel, and for Complaint against the Defendant, states as follows:

## I. PARTIES AND JURISDICTION

1.　　Plaintiff, Steven Patrick Thompson, an African-American, is an

adult male individual and citizen of the United States who resides at 306 Shipley

Road, Apt. #611, Wilmington, DE 19809;

2.　　Defendant(s) Target Stores, Inc., et als, 33 S. 6th Street, CC-3500,

Minneapolis, MN 55402, [herein referred to as Defendant] At all relevant times,

upon information and belief who is and at all times mentioned was a corporation

or similar business entity organized and existing under the laws of the State of

Delaware, and which regularly conducts business at Target Store in Brandywine,

located at 1050 Brandywine Parkway, Wilmington, DE 19803.

## JURISDICTION

3.      The Jurisdiction of this forum is predicated upon violations of the Plaintiff's Civil and Constitutional Rights Pursuant to Mr. Thompson  alleges, inter alia, that he has been the victim of a hostile work environment based, in whole or in part, upon his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections(s) 2000e et seq., § 704(a) Title VII's Retaliation provision and the Delaware  Law Against Discrimination, Disparate Treatment, and Retaliation, and 42 U.S.C.A. § 2000e et seq., Civil Rights Act of 1991, Intentional Overt Discrimination. Title VII [28] U.S.C. [§§] 2000e-5(g), 2000e-3 (a) **Opposition Clause,** 2000e-2 Disqualification [collectively, "Title VII], and the 42 U.S.C. Section 1981 affords a federal remedy against discrimination in private employment on the basis of race." Moreover, Section 101 of the Civil Rights Act of 1991 prohibits intentional discrimination in "the making, performance, modification, and termination of contracts." the Defendants have violated the following constitutional, statutory, and common law provisions: fraud and misrepresentation, Intentional Infliction of Emotional Distress as a result of discriminatory treatment and other related claims, Negligence under the doctrine of **respondeat superior** for the negligence of individual Defendants committed within the scope of their employment, Negligence on the part of employer, Breach of Contract and/or Promissory Estoppel as set forth in the Employee Handbook. Venue is proper in the United States District Court for the District of Delaware the acts of the Defendants has infringe on this Plaintiff's Civil and

Constitutional Rights under **Fourteenth Amendment** due process and equal protection of the law, Abuse of Process. The Defendants are liable Plaintiff alleges that the Defendants has engaged in a continuous policy of discrimination.

4.    Jurisdiction is invoked pursuant to 42 U.S.C. § 1983 The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law, tort claims and statutes of the State of Delaware, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367. Target stores is liable for the misconduct of its agents under the doctrine of respondeat superior.

## II. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

5.    This action arises out of the illegal and wrongful retaliation by the above named Defendants. Mr. Thompson was hired on about April 2005, and has continued to be harass by the Defendants he was wrongfully terminated by way of constructive discharge on November 29, 2006 the Defendant has **continued** to engage in discriminatory harassment of Mr. Thompson because of his race after receiving his demand notice on or about October 31, 2006. Mr. Thompson sought to resolve the issues that he was confronted with but to no avail "Discrimination" is intended to be construed broadly. It includes

harassment, derogatory or demeaning language, and, generally, any conduct towards the named groups that is both harmful and discriminatory.

6.    By subjecting Plaintiff to a hostile work environment on the basis of his race, Defendants violated the Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. §1983 and Title VII.

7.    By subjecting Plaintiff to quid pro quo on going continuing racial harassment, Defendants violated the Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. §1983 as well as Title VII and other related claims set forth herein.

8.    By discriminating against Plaintiff in the terms and conditions of his employment race, Defendants have subjected Plaintiff to wrongful constructive discharge because of racial discrimination in violation of the Fourteenth Amendment of the United States Constitution, as made actionable pursuant to 42 U.S.C. §1983 as well as Title VII and other related claims set forth herein. By subjecting Plaintiff to a hostile work environment, quid pro quo harassment and discrimination, all on the basis of his race, retaliation, Defendants violated as well as Title VII and other related claims set forth herein. Target stores is liable for the misconduct of its agents under the doctrine of respondeat superior.

### III. PROCEDURAL PREREQUISITES

9.    On _____ Mr. Thompson will file his charge of discrimination against Defendant Target Stores, et als., with the Equal Employment Opportunity Commission ("EEOC"). The Defendants terminated Mr.

4

Thompson employment on or about November 29, 2006 after the Plaintiff sent
his demand notice to Target Stores on October 31, 2006 on or about by certified
mail return receipt he was terminated less than 30 day later.

10.    Mr. Thompson has not received a copy of his "Right To Sue" notice
as yet.

## COUNT 1: RETALIATION 42 U.S.C. Sections(s) 2000e et seq., § 704(a) Title VII's Retaliation provision and the Delaware  Law Against Discrimination, Disparate Treatment, and Retaliation

11.    Mr. Thompson realleges and incorporates in this Count II
paragraphs 1-10.

12.    The Defendant failed to folow its own procedures as evicence of
racial discrimination against the Plaintiff after receiving Mr. Thompson's demand
notice he was terminated or constructively discharged as a result of retaliation
racial discrimination and discriminatory animus. The Defendants violated the
Plaintiff's rights under the Conscientious Employee Protection Act and Title VII.
On or about April 5, 2006 continuing, Mr. Thompson complained to Defendant of
race discrimination and harassment he sought to resolve this matter by way of
his demnad notice on or about October 31, 2006. The Defendants rejected Mr.
Thompson's demand notice as referenced in their letter dated November 29,
2006 and by their own admission administratively teminated Mr. Thompson's
employment. The Plaintiff had disclosed to his management staff that his
supervisory staff had sought to humilate him, engaged in harassment creating a
hostile work environment. It can be determined that management staff failed to

5

comply with the policies and procedures as set forth by Target in their employee handbook.

13.    Additionally, Target admitted that Mr. Thompson was the victim and that his superviaory staff had engaed in disparate treatment and harassment regarding the Plaintiff. See Target's letter dated May 25, 2006 that stated in part "We have investigated your concerns and taken the appropriate action as per Target policy..." it would appear that Target's policy was arbitrarily and capriciously implemented as a result of discriminatory animus towards Mr. Thompson. The Defendant Target reasons for the termination of Mr. Steven P. Thompson was only a pretext and that discrimination was the real reason. The Defendants discriminatory policy has been on going as referenced in Target's letter dated November 29, 2006 from Kristin Graham, Senior Paralegal Employee Relations, Target Corporation and in reference to Jenifer Ayers, Human Resources Representative letter of May 25, 2006. There is evidence that Target was satisfied with Mr. Thompson's work performance but left him with no job security as a form a retaliation. Target stores is liable for the misconduct of its agents under the doctrine of respondeat superior.

14.    Defendant refused to rehire Mr. Thompson back to his position after receiving his **demand notice** on or about October 31, 2006 by way of certified mail return receipt. They conducted their own investigation and has admitted that Mr. Thompson was not at fault but his supervisory & management staff was liable . Because of Mr. Thompson's race **no offer** of damages was made to reinstate him with back pay or relief for damages he suffered being constructively

6

discharge after contacting his management staff as set forth in his demand notice as a form of retaliation it is believed that Target was operating under the advice of their attorney.

15.    Defendant's refusal to rehire Mr. Thompson was the same as constructive discharge because of race. He was denied his position in retaliation for his having complained of race discrimination and harassment, as name calling by his supervisory staff. At no time did the supervisor share with Patrick any inconsistencies with regards to the employee manual  and or his performance. This company had several alternatives to avoid a wrongful termination/constructive discharge and work out a possible solution but fail so to do. The Defendants terminated Mr. Thompson employment on or about November 29, 2006 after the Plaintiff sent his demand notice to Target Stores on October 31, 2006 on or about by certified mail return receipt he was terminated less than 30 day later as a result of retaliation because he opposed a practice made unlawful under Title VII as well as other related claims as set forth herein.

16.    Defendant Target intentionally, willfully, and wantonly retaliated against Mr. Thompson in response to his compalints of racial harassment, in violation of both State and Federal statutes and refused to negotiate in good faith with regards to his demand notice of October 31, 2006 after Defendants admitted liability after their in house investigation. The Defendants are liable Plaintiff alleges that the Defendants has engaged in a continuous policy of discrimination. Plaintiff is seeking damages, compensatory, inconvenience, and mental anguish

7

as a result of the Defendants retaliation pursuant to statutory relief set forth under

Title VII.

**COUNT 2 – RACE DISCRIMINATION** Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections(s) 2000e et seq., § 704(a) Title VII's Retaliation provision and the Delaware Law Against Discrimination, Disparate Treatment, and Retaliation, and 42 U.S.C.A. § 2000e et seq., Civil Rights Act of 1991, Intentional Overt Discrimination. Title VII [28] U.S.C. [§§] 2000e-5(g), 2000e-3 (a) **Opposition Clause,** 2000e-2 Disqualification [collectively, "Title VII],

16.    Mr. Thompson realleges and incorporates in this Count 2

paragraphs 1-15

17.    Mr. Thompson's race  was a determining factor in Defendant's

decision to terminate this Plaintiff on or about November 29, 2006. The

Defendant failed to folow its own procedures as evicence of  racial discrimination

against the Plaintiff after receiving Mr. Thompson's demand notice he was

terminated or constructively discharged as a result of retaliation, harassment,

racial discrimination and discriminatory animus by Mike Conway, individually,

Kevin Hughes, individually, and Kathy McGrath, individually all employees of

Target Stores who were not terminated, disciplined and/or otherwise

reprimanded for their infractions of company policy. To the contrary, they were

given special consideration, for the continued harassment of Mr. Thompson.

18.    Defendant(s) knowingly and willfully discriminated against Mr.

Thompson on the basis of his race in violation of Title VII Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. Sections(s) 2000e et seq., Disparate

Treatment, and Retaliation, and 42 U.S.C.A. § 2000e et seq., Civil Rights Act of

1991, Intentional Overt Discrimination. Title VII [28] U.S.C. [§§] 2000e-5(g),

2000e-3 (a) **Opposition Clause,** 2000e-2 Disqualification [collectively, "Title VII],

and State related civil rights claims and common law tort claims.

19.    Throughout his employment at Defendant, Mr. Thompson met

and/or exceeded Defendant's expectations. Because of his race and other

impermissible factors Plaintiff alleges that Defendants employees Mike Conway,

Executive Team Leader,  who sought to suspend the plaintiff, his suervisor Kathy

McGrath who contacted Mr. Thompson and wanted to know why he did not

report to work on or about April 6, 2006. Since the onset of his employment Mr.

Thompson has had problems with Mike Conway and kevin Hughes Executive

Team Leader of Reverse Logistics. The incidents were on going, they were

reported to Mr. Thompson's management staff and they failed to take any

corective action. These individuals had knowingly and intentionally undertaken a

course of conduct respecting Plaintiff designed to embarrass humiliate,

denigrated Plaintiff resulting in racial discrimination, intentional infliction of

emotional distress, the facts stated are sufficient to support a cause of action for

an intentional tort.

20.    On or about November 29, 2006, Defendant notified Mr. Thompson

it had eliminated his position. Mr. Thompson had file his "Demand Notice" on the

Defendant on or about October 31, 2006. The Defendants discriminated against

Mr. Thompson with regards to the terms and conditions of his employment

because of his race resulting in an adverse decision resulting in discharge and

denying him all opportunities for promotions. This was a form of retaliation by the

Defendants to administratively terminated Mr. Thompson. There was a causal
connection with regards to the "Demand Notice" and the adverse decision to
terminated the Plaintiff.

21.    After Defendant terminated the Plaintiff, it reassigned, continued to
look for individuals to perform his job functions, responsibilities or retain those not
in a protected group to the same position similar to Mr. Thompson's position.
The intentional discriminatory treatment by the defendants Target Stores was
with malice, reckless indifference to Mr. Thompson, and arbitrarily and
capriciously derive.

22.    Mr. Thompson forwarded a copy of his "Demand Notice" to the
Defendant on or about October 31, 2006 to resolve said issues but they failed to
respond in a timely manner with no relief to the Plaintiff and terminated his
position as a form of retaliation and continued harassment.

23.    Plaintif is a member of a protected class he is Afro-American male,
Plaintiff did performed his job satisfactorily and was qualifed for a new position
(management level) as referenced in the Defendant's letter of May 25, 2006.  Mr.
Thompson suffered an adverse employment decision wrongful retaliation
discharge action by the Defendants who represented that in part his supervisory
and managet staff did not follow Target's polices. Plaintiff alleges that the
circumstances give rise to an inference of discrimination and or retaliation.  This
adverse employment action by the Defendant Target Stores was taken because
of his race and disparate treatment. The reason for the Plaintiff termination was

only a pretext by the Defencants when racial discrimination and retaliation was in fact a motivating factor in the adverse employment decision.

24.    As a direct and proximate result of Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, back pay, compensatory damages futurte pecuniary losses, punitive damages as a result of malice or reckles indifference to the plaintiff's federaly protected rights loss of enjoyment of life, severe emotional distress and mental anxiety, for all of which he should be compensated. Mr. Thompson is entitled to punitive, exemplary damages in addition to compensatory damages pursuant to statutory relief set forth under Title VII.

## COUNT 3 – MENTAL AND EMOTIONAL DISTRESS

25.    Mr. Thompson realleges and incorporates in this Count 3 paragraphs 1-24

26.    Defendants' actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress because of Mr. Thompson's race and harassment by Target Stores. The Defendant and its superviaory staff sought to humilate Mr. Thompson in front of customers and other co-workers of Target. There were occassions when Mr. Thompson would be called into meetings as a form of harassment and his supervisory staff whould have several other employees present in an attempt to intimidate the Palintiff.    Certain supervisory employees had engaged in name calling that Mr. Thompson felt offensive. Plaintiff alleges that had it not been for his race he would not have

been subjected to such humiliation, racial discrimination. On Wednesday night April 5 2006 at Target Brandywine Mike Conway who was the executive team leader that night suspended Mr. Thompson for no reason whatsoever and told him to go home. This incident was reported to Kathy McGrath but no meaningful investigated took place and nothing was done. The human resources representative "Tina" sought to cover up the issues. This harassment continued with Kevin Hughes Executive Team Leader who continued to write up this Plaintiff with regards to fraudulent charges.

27.    As a result of Defendants' actions, Mr. Thompson has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated. Mr. Thompson is entitled to punitive, exemplary damages in addition to compensatory damages.

## COUNT 4 – CONSTRUCTIVE DISCHARGE

28.    Mr. Thompson realleges and incorporates in this Count 4 paragraphs 1-27

29.    Due to Defendants' conduct as set forth above, Plaintiff was unable to return to the workplace, thereby Defendants constructively discharged Mr. Thompson based on their letter dated November 29, 2006. Target Stores failed to respond to Mr. Thompson's **demand notice** sent by certified mail returned

receipt on October 31, 2006. Target stores is liable for the misconduct of its

agents under the doctrine of respondeat superior. Mr. Thompson alleges that the

Defendants made Plaintiff's working conditions intolerable, making derogatory

statements, and his race was a motivating factor with reference to the

Defendants adverse decision to administratively termination his position. The

Defendants failed to respond to the Plaintiff's demand notice dated October 31,

2006 on or about. The Defendants admitted that his supervisory staff admitted

that they were wrong. The conduct of Mr. Thompson's supervisory and

management was to force the Plaintiff to quit. They made his working conditions

so intolerable if a reasonable person in Plaintiff's situation would have deemed

was the result of discriminatory animus more specifially racial discrimination. Mr.

Thompson sought to resolve these issues by way of his demand notice and the

Defendants failed to respond retailated by way of termination. Mr. Thompson

believed that the so called investigation conducted was only a shame and they

sought to force him out of his position by way of termination. Plaintiff alleges that

Target Stores, discriminated against him because of his race with regards to the

terms and conditions of his employment.

30.    Mr. Thompson was subjected by the Defendants to harassment on

the basis of his race. This harassment was so severe that Plaintiff was

constructively discharged by way of the Defendants letter of November 29, 2006

claiming that his position was administratively terminated. It was the Defendants

who wrongfully suspended Mr. Thompson on or about April 5, 2006. The

Defendants discriminated against Mr. Thompson based on his race, with regards

to the terms and conditions of his employment after receiving his response notice

regarding the alleged incident identified in his demand notice dated October 31,

2006.

     31.    As a direct and proximate result of the Defendant's conduct

described herein, Target is libel for damages and the individual supervisory staff,

Plaintiff has suffered from a loss of income and benefits, severe emotional

distress and mental anxiety, for all of which he should be compensated to include

as was set forth in his demand notice of October 31, 2006. The Defendants failed

to negotiate in good faith and never responded to Plaintiff's demand notice with

regards to damages the issue was being negotiated, Plaintiff did not ababonden

his employment but was constructively discharge as a result of Targets Stores

adverse decision to administratively terminate Mr. Thompson. As a result of

Defendants' actions, Mr. Thompson has suffered irreparable injuries, including

but not limited to loss of pay, benefits and other economic losses, emotional pain

and suffering, mental anguish, humiliation, embarrassment, personal indignity

and other intangible injuries for all of which he should be compensated. Mr.

Thompson is entitled to punitive, exemplary damages in addition to

compensatory damages pursuant to statutory relief set forth under Title VII.

### COUNT 5 - Breach of Contract and/or Promissory Estoppel

     32.    Mr. Thompson realleges and incorporates in this Count 5

paragraphs 1-31

42.    The Defendants' conduct toward Mr. Steven Patrick Thompson was improperly motivated, and was intentional, willful and wanton, As a result of Defendants' actions, Mr. Thompson has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated. Mr. Thompson is entitled to punitive, exemplary damages in addition to compensatory damages.

Court deems necessary including front pay for those position; and as set forth under Title VII.

4.    An award to Mr. Thompson  for Compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including consequential loses and medical expenses, front pay, expert witness fees and costs and what other relief the Court may deem just and fair; and as set forth under Title VII.

5.    Plaintiff's costs of this action including reasonable attorney's fees, an award of **interest** of any awards at the highest rate allowed by law;

6.    Such punitive damages as are determined by the enlightened conscience of an impartial Jury are warranted to deter Defendant(s) from future conduct of the type proven at trial;

7.    Such further and additional relief as the Court may deem is appropriate. Plaintiff requests trial to a jury on all claims allowed by law.

8.    accept jurisdiction over this matter, including the pendent claim;

9.    empanel a jury to hear and decide all questions of fact;

10.    award to Plaintiff **compensatory damages** of $62, 000.00 against the Defendants jointly and severally as well as reinstatement; as a result of racial discrimination, emotional distress, retaliation, harassment;

11.    award to Plaintiff **punitive damages** of $2,500,000.00 against Defendant Defendant for his malicious and spiteful pattern of racial discrimination, retaliation, harassment;

12.    award to Plaintiff damages for **emotional distress** in the amount of $500,000.00 or whatever the court deems just and fair;

13.    award to Plaintiff the **reasonable attorneys' fees** and costs incurred in the prosecution of this matter; as well as all other equitable and legal relief to which Plaintiff appears entitled.

14.    for all compensatory and punitive damages with respect to statutory and tort claims in an amount being just;

15.    permanently enjoin the Defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in racial discriminaion, harassment, disparate treatment or retaliation against Plaintiff and

16.    enter any other order the interests of justice and equity require.

We have analyze the case's value Mr. Thompson has mitigated some of the damages by way of employment. We are very much focus on the cost savings and the need for timely solutions to resolve this matter and the fact that local rules require settlement negotiations.

Respectfully submitted by,

---

**STEVEN PATRICK THOMPSON**

## CERTIFICATION

Mr. Thompson certifies that the foregoing statements made by him in his

complaint are true. He is aware that if any of the foregoing statements made by

him is willfully false, he is subject to punishment.

Respectfully submitted by,

**STEVEN PATRICK THOMPSON**
**306 SHIPLEY ROAD**
**APT. #611**
**WILMINGTON, DE 19809**
**973-343-8867 (cell phone)**

# PROOF OF SERVICE

On or about July 9, 2007 I, the undersigned, sent by regular/certified mail copies of my federal complaint and summons to be served on the attorneys of the defendants: see mail receipt of certified mail...

Target Stores Brandywine
1050 Brandywine Parkway
Wilmington, DE 19803

POTTER ANDERSON & CORROON LLP
Jennifer Gimler Brady
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951

U.S. District Court Third Circuit
Peter T. Dalleo
4209 Federal Bldg.
Lockbox 18
844 King St., Rm. 4209
Wilmington, DE 19801

I certify that the foregoing statements made by me are true. I am aware that if any of the forgoing statements made by me are willfully false, I am subject to punishment. I petition the attorney for the Defendants to make an offer of settlement and contact me with in the next 10 business days upon receipt of this complaint.

Thank you,

STEVEN P. THOMPSON, PRO SE

Confidential distribution

February 6, 2007

**STATE ATTORNEY GENERAL**
**Carvel State Office Bldg.**
**820 N. French St., 8th Flr.**
**Wilmington, DE 1980**


**Dear Sir:**

      **Please review the attached complaint. I ask that you investigate my State civil rights claims.**

      **Should you have any questions please contact me.**

**Thank you,**


**STEVEN PATRICK THOMPSON**
**306 SHIPLEY ROAD**
**APT. #611**
**WILMINGTON, DE 19809**
**973-343-8867 (cell phone)**

STEVEN PATRICK THOMPSON
306 SHIPLEY ROAD
APT. #611
WILMINGTON, DE 19809





U.S. District Court Third Circuit
Peter T. Dalleo
4209 Federal Bldg.
Lockbox 18
844 King St., Rm. 4209
Wilmington, DE 19801