IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN PATRICK THOMPSON, *pro se,* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-72 (SLR) |
| TARGET STORES. | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO QUASH AND TO DISMISS FOR
INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS**

|  |  |
|---|---|
|  | Jennifer Gimler Brady (Del. Bar 2874) |
|  | POTTER ANDERSON & CORROON LLP |
|  | Hercules Plaza, Sixth Floor |
|  | 1313 North Market Street |
|  | P.O. Box 951 |
|  | Wilmington, Delaware 19899-0951 |
| OF COUNSEL: | (302) 984-6000 – Telephone |
|  | (302) 658-1192 – Facsimile |
| John M. Remy, Esquire | jbrady@potteranderson.com - Email |
| Jackson Lewis LLP |  |
| 8614 Westwood Center Drive, Suite 950 | *Attorneys for Defendant Target Corporation* |
| Vienna, Virginia 22182 |  |
| (703) 821-4306 – Telephone |  |
| (702) 821-2267 – Facsimile |  |
| remyj@jacksonlewis.com - Email |  |

Dated: July 30, 2007
809527v1 / 31231

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDING ................................................................... 1

SUPPLEMENTAL STATEMENT OF FACTS ................................................................ 2

ARGUMENT ................................................................................................................................ 3

I.    DEFENDANT'S MOTION SHOULD BE GRANTED
AS UNOPPOSED AND THE COMPLAINT DISMISSED ............................................... 3

    A.    Plaintiff Failed to File a Response ................................................................... 3

    B.    Plaintiff's Second Attempt at Service of Process is Still Insufficient ..................... 3

        1. Plaintiff Cannot Make Timely Service ............................................................. 3

        2. Plaintiff Still Has Not Complied With Service Rules ......................................... 4

II.    CONCLUSION ................................................................................................................ 5

## **TABLE OF AUTHORITIES**

8 Del. C. § 321 ...................................................................................................................4

10 Del. C. § 3111 ...............................................................................................................4

FEDERAL RULE OF CIVIL PROCEDURE RULE 4(e)(1) ...........................................................4

FEDERAL RULE OF CIVIL PROCEDURE RULE 4(h)(1) ...........................................................4

FEDERAL RULE OF CIVIL PROCEDURE RULE 4(m) ..............................................................3

FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(5) .........................................................4

## NATURE AND STAGE OF PROCEEDING

On February 8, 2007, plaintiff filed a complaint *pro se* against "Target Stores Inc."[1] On February 28, 2007, Target filed the instant Motion to Quash and to Dismiss for Insufficient Process and Insufficient Service of Process. On June 21, 2007, the Court issued an Order directing plaintiff to "file and serve an answering brief in response to defendant's motion on or before July 20, 2007." Plaintiff has not filed an answering brief.

This is the Defendant's Supplemental Memorandum of Law in Support of its Motion to Quash and to Dismiss for Insufficient Process and Insufficient Service of Process.

---

[1] Plaintiff's complaint incorrectly refers to defendant as "Target Stores, Inc." Defendant's correct name is Target Corporation ("Target").

1

## SUPPLEMENTAL STATEMENT OF FACTS

The supplemental facts relevant for this motion relate only to the filing and failure to serve process by the plaintiff, Steven Patrick Thompson.

On February 8, 2007, plaintiff filed his complaint. On April 6, 2007, the Court issued a summons to plaintiff for his complaint.

On July 11, 2007, a local Target store in Delaware received via regular mail (1) a copy of the civil cover sheet, (2) the cover page of Defendant's Opening Brief in Support of Motion to Quash and to Dismiss for Insufficient Process and Insufficient Service of Process, (3) the summons, (4) an incomplete and not postmarked "CERTIFIED MAIL RECEIPT" addressed to counsel, and (5) another copy of the complaint.

Also on July 11, 2007, plaintiff filed these same documents with the Court. (See Dkt. 11 (filed July 11, 2007), p. 1). On July 17, 2007, counsel received a copy of these same documents via certified mail.

## ARGUMENT

### I. DEFENDANT'S MOTION SHOULD BE GRANTED AS UNOPPOSED AND THE COMPLAINT DISMISSED

#### A. Plaintiff Failed to File a Response

In an Order dated June 21, 2007, this Court ordered plaintiff to "file and serve an answering brief in response to defendant's motion on or before July 20, 2007." The Court's Order came 113 days after Target filed its motion to dismiss (February 28, 2007) and gave plaintiff a total of 142 days to respond. Despite this extraordinary amount of time, plaintiff still has not filed any answering brief – now 152 days after Target filed its motion. Target's motion should be considered as conceded, and plaintiff's complaint dismissed.

#### B. Plaintiff's Second Attempt at Service of Process is Still Insufficient

On July 9, 2007, plaintiff mailed another copy of the complaint and a summons to a local Target store and to counsel.[2] The local Target received these documents on July 11, 2007, while counsel received the documents on July 17, 2007. Plaintiff's mailing of these documents does not comply with either federal or Delaware rules for service of process. In addition, receipt of these documents by either the local Target store or counsel is also insufficient to establish the personal jurisdiction of this Court over Target.

##### 1. Plaintiff Cannot Make Timely Service

Federal Rule of Civil Procedure 4(m) provides service of process must be made within 120 days after the filing of the complaint. Plaintiff filed his complaint on February 8, 2007. Plaintiff's July 9, 2007 attempt at service is not sufficient and violates Rule 4(m) because it is 152 days after the complaint was filed.

---

[2] On July 11, 2007, plaintiff filed a copy of those same documents with the Court.

3

On February 28, 2007, Target filed the instant motion notifying plaintiff of the insufficiency of plaintiff's process and service. Therefore, plaintiff had ample notice that his original attempt at service was insufficient, and there is no excuse for plaintiff to wait until July to attempt to serve Target.

### 2. Plaintiff Still Has Not Complied With Service Rules

Federal Rule of Civil Procedure 4(h)(1) provides service of process upon a corporate defendant must be effected:

> in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Rule 4(e)(1) provides a plaintiff may also effect service upon a corporation pursuant to "the law of the state in which the district court is located."

Here, neither plaintiff's initial mailings to Target in Minnesota and Delaware nor his more recently mailed documents to a local Target store or counsel comply with the requirements of the federal rules or Delaware law. *See* 8 Del. C. § 321 and 10 Del. C. § 3111 (methods of service under Delaware law).

Accordingly, Target asks the Court to quash plaintiff's insufficient service and, pursuant to Federal Rule of Civil Procedure 12(b)(5), dismiss plaintiff's complaint for insufficient service of process.

4

## II.  CONCLUSION

For the reasons set forth above and in its initial memorandum, Target asks the Court to quash plaintiff's service of process and to dismiss the complaint for insufficiency of process and for insufficient service of process. Target asks the Court to enter the previously submitted Order dismissing plaintiff's complaint.

POTTER ANDERSON & CORROON LLP

By *(signature)*
Jennifer Gimler Brady (Del. Bar 2874)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
jbrady@potteranderson.com - Email

*Attorneys for Defendant Target Corporation*

OF COUNSEL:

John M. Remy, Esquire
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
(703) 821-4306 – Telephone
(702) 821-2267 – Facsimile
remyj@jacksonlewis.com - Email

Dated: July 30, 2007
809527v1 / 31231

5

## CERTIFICATE OF SERVICE

I hereby certify this 30th day of July, 2007, that the foregoing **DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH AND TO DISMISS FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and two (2) copies were served upon the following in the manner indicated:

**First Class, U.S. Mail**

Steven Patrick Thompson
306 Shipley Road, Apt. #611
Wilmington, DE 19809

/s/ Jennifer Gimler Brady

Jennifer Gimler Brady (Del. Bar 2874)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
jbrady@potteranderson.com - Email

*Attorney for Defendant Target Corporation*