IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN PATRICK THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-072-SLR |
| | ) |
| TARGET STORES, | ) |
| | ) |
| Defendant. | ) |

Steven Patrick Thompson, Wilmington, Delaware. Pro se Plaintiff.

Jennifer Gimler Brady, Esquire, of Potter Anderson & Corroon, LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: August 16, 2007
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On February 8, 2007, Steven Patrick Thompson ("plaintiff"), a pro se litigant, filed the instant civil rights action against Target Stores ("defendant"), alleging retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et seq., and five state tort claims -- mental and emotional distress, constructive discharge, breach of contract and/or promissory estoppel, negligence and interference with prospective economic advantage. (D.I. 2) Plaintiff requests $3,000,000 in relief, including compensatory and punitive damages. (Id.) On February 28, 2007, defendant filed a motion to quash service of process and dismiss plaintiff's complaint for insufficiency of process and insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5); this motion is presently before the court. (D.I. 4) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. For the following reasons, the court will grant defendant's motion.

## II. BACKGROUND

Plaintiff, an African American, was hired by defendant on April 5, 2006; he remained an employee through November 2006. (D.I. 2 at ¶ 12) During October 2006, plaintiff wrote a "demand-notice," complaining to defendant's management about racial discrimination. (Id.) According to plaintiff, the supervisory staff had "sought to humiliate him and engaged in harassment creating a hostile work environment." (Id.) Shortly after receiving the "demand-notice," defendant fired plaintiff. (Id.) Although defendant's management justified the firing in terms of an administrative decision to terminate the specific position plaintiff held, plaintiff claims that management "continued to look for

individuals to perform his job functions, responsibilities or retain those not in a protected group to the same position [that he previously held]." (Id. at ¶ 21) Plaintiff claims that, after an internal investigation, management admitted that plaintiff's supervisors had engaged in disparate treatment and harassment. (Id. at ¶ 13) However, management refused to allow plaintiff to resume his job after the internal investigation. (Id.)

On February 8, 2007, plaintiff filed the complaint at bar, alleging civil violations of 42 U.S.C. §§ 2000(e), et seq. and five supplemental state claims. Two days before filing it with the court, plaintiff mailed copies of the complaint to two of defendant's stores – one in Minnesota, and one in Delaware. (D.I. 5, ex. A) Plaintiff attached a handwritten summons to each complaint. (Id.) The summons was not signed by the clerk of the court and was not marked with the official seal of the court. (Id.) On February 28, 2007, defendant filed a motion to quash service of process and dismiss the complaint because the summons was not properly signed, did not contain the required seal and was not served in accordance with the Federal Rules of Civil Procedure.

On June 21, 2007, the court ordered plaintiff to "file and serve an answering brief in response to defendant's motion to dismiss on or before July 20, 2007." (D.I. 10) On July 9, 2007, plaintiff mailed another copy of the complaint and the summons to a local Target store and to opposing counsel (D.I. 11); however, the court has not received an answering brief from plaintiff or a motion to extend the time for filing an answering brief.

## III. DISCUSSION

Fed. R. Civ. P. 4(a) provides that the summons to be served on a defendant "shall be signed by the clerk, bear the seal of the court, identify the court and the

2

parties, be directed towards the defendants, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff." Requiring the clerk to sign and issue the summons assures the defendant that the process is valid and enables the clerk to collect whatever filing fees are required. See Ayers v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996). The United States Court of Appeals for the Third Circuit has stated that "the failure of the plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case." Id. Notice of a claim is not sufficient to establish personal jurisdiction. See Id.

Defendant's receipt of a summons that lacked the required signature and seal was not the only insufficiency with plaintiff's service of process in the case at bar. Service of process upon a corporate defendant must be effected either pursuant to the law of the state in which the district court is located or in which service is effected or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. See Fed. R. Civ. P. 4(h)(1), 4(e)(1).

Delaware law allows for service of process upon a corporation by personal delivery to any officer, director, or registered agent in the State, leaving it at the dwelling house or usual place of abode of any such officer, director, or registered agent, or leaving it at the registered office or other place of business of the corporation in Delaware. See 8 Del. C. § 321; 10 Del. C. § 3111. Plaintiff's chosen method of

3

service – mailing the summons and the complaint to two of defendant's retail stores – fails to meet the requirements of the Federal Rules and the laws of the State of Delaware.

Defendant submitted the instant motion to dismiss on February 28, 2007, illuminating the inadequacies of service. (D.I. 5) At that point, plaintiff had the opportunity to rectify his mistake and perfect service upon defendant: Fed. R. Civ. P. 4(m) gives a plaintiff 120 days from the date the complaint is filed in which to serve the defendant. Even if plaintiff was initially unaware that his service of process had been insufficient, Rule 4(m) allowed him 100 additional days (after defendant filed the motion to dismiss) to lawfully re-serve defendant. Additionally, plaintiff's time for responding to the motion to dismiss was extended to 142 days by the court's order on June 21, 2007, which mandated that plaintiff "file and serve an answering brief in response to defendant's motion on or before July 20, 2007." (D.I. 10)

At no point during this period of 142 days did plaintiff re-serve defendant in accordance with the Federal Rules. Instead, on July 9, 2007, plaintiff mailed another copy of the complaint and the summons to one of defendant's local stores and to opposing counsel. (D.I. 11) That effort was meaningless because plaintiff's method of service ran afoul of the same Federal Rules as before, and was just as insufficient in July 2007 as it had been in February 2007.

The court is aware that plaintiff is acting pro se, entitling him to more leniency in certain matters than an experienced attorney would receive. However, even a pro se plaintiff must follow the Federal Rules when given more than four months to do so. While courts liberally construe the pleadings and the complaints of pro se plaintiffs, see

4

Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted), pro se plaintiffs must follow the rules of procedure and the substantive law, see McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse the mistakes of those who proceed without counsel"); Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (stating that pro se status is not a license to disregard procedural rules or substantive law). The Third Circuit has consistently abided by the Supreme Court's guidance on this matter, dismissing pro se complaints when the plaintiff has failed to abide by the Federal Rules. See Ayers, 99 F.3d at 565; Sene v. MBNA Am., Inc., No. Civ. A. 04-1331-JJF, 2005 LEXIS 20786 (D. Del. Sept. 20, 2005). Therefore, plaintiff's pro se status does not excuse his failure to obtain a proper summons or effectuate service in accordance with the Federal Rules.

If a defendant raises the issue of the plaintiff's failure to comply with Rule 4(a) in a motion or a responsive pleading, as defendant has in the case at bar, the case should be dismissed under Fed. R. Civ. P. 12(b)(2). See Ayers, 99 F.3d at 569. Furthermore, when the issue is raised by the defendant, "it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under Rule 4(m)." Id. The court could end its inquiry and grant the motion to dismiss solely as a result of plaintiff's violations of Rule 4(m). However, in the case at bar, the court has already considered whether service was properly made – it was not. Although the court has the option of further extending the service deadline, it chooses not to do so.

The determination of whether to extend the time for service pursuant to Rule

5

4(m) is a two-part inquiry. First, a court must determine whether good cause exists for the plaintiff's failure to properly serve defendant. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). If the court finds a good cause, it must grant an extension of time. See Id. Second, if good cause is not shown, a court has the discretion to grant the plaintiff an extension of time. See Id. Courts generally consider three factors in determining whether good cause exists: (1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effecting service. See United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988) (citations omitted). When evaluating good cause, courts should focus primarily on the plaintiff's reasons for not complying with the time limits of Rule 4. See MCI Telecoms Corp. v. Teleconcepts, 71 F.3d 1086, 1097 (3d Cir. 1995).

While defendant suffered little undue prejudice from plaintiff's failure to abide by the Federal Rules, plaintiff has not demonstrated that he had good cause for so doing. It cannot be said that plaintiff reasonably attempted to effect service when he had over 100 days in which to re-serve defendant after defendant submitted its motion to dismiss. While plaintiff did make a second attempt at service, he made the same mistakes as with his initial attempt at service, months earlier. Furthermore, if plaintiff was confused regarding the Federal Rules or had some issue that prevented him from properly serving defendant, he could have filed for an extension of time; this, he chose not to do. Finally, plaintiff chose to disregard the order on June 21, 2007, extending the time he had to file an answering brief to the motion to dismiss. Therefore, because plaintiff has neglected to effect service of process within the time set by the Federal

Rules of Civil Procedure and has afforded no good cause for his failure to do so, the court will grant defendant's motion. (D.I. 4)

## IV. CONCLUSION

For the reasons stated above, defendant's motion to quash and to dismiss for insufficient process and insufficient service of process is granted. An appropriate order shall issue.